## VELILLA *v.* PIZÁ ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 705.—Resuelto en diciembre 5, 1911.

ACCIÓN REIVINDICATORIA—REQUISITO FUNDAMENTAL DE LA ACCIÓN.—La acción reivindicatoria, como derivada del derecho de propiedad, sólo puede ejercitarse por el legítimo dueño para recuperar la cosa que le pertenece, y en consecuencia el requisito fundamental de tal acción, que debe probarse de una manera clara y cierta, es que el reclamante es el verdadero dueño de la cosa que trata de recuperar, debiendo también justificar que esa misma cosa la posee el demandado.

ID.—TÍTULO DE HEREDERO—PARTICIÓN Y ADJUDICACIÓN DE LA HERENCIA.—El título de heredero trasmite un derecho sobre el conjunto de los bienes hereditarios y por virtud de él todos los herederos, por el hecho de la muerte de su causante, llegan a ser dueños en común. Pero mientras no se practiquen las diligencias de partición y adjudicación, mientras en virtud de ellas no cese esa comunidad ninguno puede decirse ni ser considerado como dueño único y exclusivo de una porción determinada o parte alícuota, fija y concreta de los bienes de la herencia, y por tanto el título de heredero por sí solo no es suficiente para ejercitar con éxito la acción reivindicatoria de una porción determinada de los bienes de la herencia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Cayetano Coll y Cuchí.*

Abogado de los apelados: *Sres. López de Tord y Canales.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Los demandantes arriba mencionados, presentaron en 1º. de junio de 1910 ante la Corte de Distrito de San Juan, Sección 2ª., una demanda contra los demandados expresados en el título, en la que sustancialmente alegaron que, como herederos de Don José Angel Velilla, adquirieron a su muerte los

derechos que éste poseía en la mitad indivisa de una finca nombrada "Camaseyez" de ciento cincuenta cuerdas de terreno, radicada en el barrio de Sabana Seca de la jurisdicción de Toa Baja: que a pesar de ser los dueños legales de esa mitad, su tía Pilar Velilla tramitó en el año 1881 un expediente posesorio a su favor de la totalidad de la finca, que fué inscrito en el registro de la propiedad, que posteriormente, en 18 de octubre del mismo año, dicha Pilar Velilla vendió toda la finca a Don Guillermo Bauzá, quien agrupada con otros terrenos la enajenó a Don Antonio Pizá, a cuyo favor se halla inscrita con una hipoteca que éste constituyó a favor del otro demandado "The American Colonial Bank"; y después de agregar que el Señor Pizá posée esa finca de mala fe y sin justo título, que su valor es de $25,000, pidieron a la corte en acción reivindicatoria que se declare nula la inscripción de esa finca tal como aparece a favor del demandado Pizá; que se devuelva a los demandantes la mitad indivisa de ella, y se declare que ésta se halla libre de todo gravamen a favor del banco demandado.

Negados los hechos fundamentales de la demanda, se llegó al juicio en el que, según la exposición del caso aprobada por el juez de la corte inferior, presentaron los demandantes la siguiente evidencia: Resolución de la propia corte de distrito, del día anterior al juicio, por la que se declara que los únicos herederos de Don Mariano Velilla, fallecido en el año 1873, son sus dos hijos legítimos Pilar y José Angel Velilla y Tinajero, así como que los herederos de éste último, muerto en el año 1879, son sus hijos María y Micaela Velilla y Porrata, y Rafael y Sofía Velilla y Mercado; certificación del Registrador de la Propiedad de San Juan, Sección Segunda, acreditando que la inscripción primera de la finca denominada "Camaseyez" del barrio de Sabana Seca de la jurisdicción de Toa Baja, de 150 cuerdas, lo fué en 17 de octubre de 1881, a favor de Da. Pilar Velilla y Tinajero, por herencia de sus padres y por virtud de un expediente posesorio; que en 18 de octubre de 1881 dicha señora vendió esa finca a Don

Guillermo Bauzá, quien la agrupó a otras suyas y en esa forma la vendió a Don Pedro Giusti Ferrandi, éste a Don Juan Pizá, siendo el último adquirente Don Antonio Pizá, quien ha hipotecado tal agrupación a The American Colonial Bank.

La declaración de los testigos se refirió sustancialmente al hecho de que Don Mariano Velilla poseía la finca cuando murió.

Esta fué toda la evidencia presentada en el juicio por los demandantes, quienes manifestaron que la que les restaba se refería únicamente a probar los daños, las rentas, productos y el valor de la finca.

En esta situación el juicio, los demandados presentaron verbalmente una moción de *nonsuit* que argumentaron.

Quedó esta moción sin resolverse por la corte durante bastante tiempo y mientras tanto la corte admitió como prueba, con la objeción de los demandados, una certificación de la que aparece que en los libros de la antigua Anotaduría de Hipotecas existe un asiento por el que Don Mariano Velilla hipotecó una estancia de su propiedad radicada en Toa Baja, sitio de los "Camaselles" para la seguridad de un censo.

Posteriormente a la admisión de ese documento, en 23 de febrero del presente año, la corte declaró con lugar la moción de *nonsuit* y el mismo día se pronunció y registró como sentencia esa resolución, con los demás pronunciamientos de ley y con las costas a los demandantes.

Contra esta sentencia es que se ha interpuesto el presente recurso de apelación.

Según la regla 5ª. del artículo 192 del Código de Enjuiciamiento Civil, la corte puede, a moción del demandado, desestimar una demanda cuando el demandante no presentare en el juicio prueba suficiente para fundar en ella una sentencia que le sea favorable. Esta moción de desistimiento es conocida en el derecho americano con el nombre de "*motion for nonsuit.*"

La que presentaron los demandados en el juicio es de esa

naturaleza y plantea a la corte la cuestión de si la prueba presentada por los demandantes es bastante, si no se presentare otra en contrario, para pronunciar una sentencia favorable a éstos.

Así, pues, la cuestión a resolver por la corte era sobre la suficiencia o insuficiencia de la prueba de los demandantes y por tanto si los hechos esenciales de la demanda habían sido probados, o nó, de acuerdo con el principio de que al actor incumbe la prueba de su acción y no haciéndolo, el demandado debe ser absuelto.

En consecuencia también, los tres errores alegados por los apelantes para sostener su recurso están dirigidos contra la apreciación que·de la prueba hizo el tribunal inferior.

Toda la evidencia de los demandantes para justificar su derecho a la reivindicación de la mitad de la finca en litigio se concreta en lo siguiente:

"1º. Que en el año 1819 hipotecó Don Mariano Velilla la finca "Camaseyes" a que este pleito se refiere.

"2º. Que cuando murió en 1873 tenía dos hijos nombrados Pilar y José Angel Velilla y Tinajero, quienes treinta y siete años después, o sea en 1910, fueron declárados sus únicos y universales herederos; y por la muerte de José Angel, ocurrida en el año 1879 lo fueron a su vez los hijos de éste que son los demandantes.

"3º. Que en el año 1881 tramitó Doña Pilar Velilla Tinajero un expediente posesorio de las 150 cuerdas de terreno que constituyen la finca "Camaseyes," como adquiridas por herencia de sus padres, que el mismo año fué inscrito en el registro de la propiedad; y

"4º. Que desde 1881, esa finca ha pertenecido por-título de compra a distintas personas, siendo su actual dueño el demandado Pizá, quien la tiene hipotecada al banco demandado."

La acción principal ejercitada en este pleito es la real reivindicatoria.

La única cuestión a resolver ahora en el presente caso es, si los demandantes han justificado con su prueba ser dueños de la mitad proindivisa de la finca en litigio, por haber demostrado que son herederos de Don José Angel Velilla Tinajero, quien en unión de su hermana Doña Pilar fueron decla-

rados únicos y universales herederos de Don Mariano Velilla, dueño que fué de ella.

Antes de tratar esta cuestión hemos de consignar que la acción reivindicatoria, como derivada del derecho de propiedad, sólo puede ejercitarse por el legítimo dueño para recuperar la cosa que le pertenece, y en consecuencia, el requisito fundamental de tal acción, que debe probarse de una manera clara y cierta, es que el reclamante es el verdadero dueño de la cosa que trata de recuperar, debiendo también justificar que esa misma cosa la posee el demandado.

Esta es la doctrina contenida en la antigua legislación española, que luego pasó al artículo 348 del Código Civil anterior, igual al 354 del ahora vigente en Puerto Rico, la que ha sido sancionada por el Tribunal Supremo de España y por el de Puerto Rico. Sentencias del Tribunal Supremo Español de 24 de mayo de 1860; 14 de marzo, 12 de abril, 9 y 23 de mayo de 1862; 5 de febrero de 1863; 13 de febrero de 1864; 3 de enero y 4 de febrero de 1865; 18 de mayo de 1866; 3 de julio de 1872 y 27 de mayo de 1905; y las de esta Isla correspondientes a los casos de *Ledesma* v. *Amador,* 24 de octubre de 1900; y *Emmanuel* v. *El Pueblo de Puerto Rico,* 22 de junio de 1904.

Sentado esto, podemos entrar a considerar si los demandantes han probado claramente y de un modo cierto que son dueños de la mitad proindivisa de la finca en litigio, que como suya reclaman.

Ellos fundan su derecho en que habiendo sido Don Mariano Velilla el dueño de la expresada finca sus herederos Pilar y José Angel llegaron a ser dueños cada uno de una mitad de la misma, y por muerte del último, sus hijos, los demandantes. Apoyan, pues, su dominio únicamente en las declaratorias de herederos.

Es cierto que los artículos 657 y 661 del anterior Código Civil, concordantes con los 665 y 669 del vigente, establecen que los derechos a la sucesión de una persona se transmiten desde el momento de su muerte y que los herederos suceden

al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones, y de acuerdo con esos artículos, el heredero o los herederos, si hubiere más de uno, en su totalidad adquieren el derecho dominical del causante.

El título de heredero transmite un derecho sobre el conjunto de los bienes hereditarios; por virtud de él todos los herederos por el hecho de la muerte de su causante, llegan a ser dueños en común, pero mientras no se practiquen las diligencias de partición y adjudicación, mientras en virtud de ellas no cese esa comunidad, ninguno puede decirse ni ser considerado como dueño único y exclusivo de una porción determinada o parte alícuota, fija y concreta de los bienes de la herencia, cuyo concepto es requisito que debe justificarse para que pueda prosperar una acción reivindicatoria.

Tales artículos confieren un derecho sobre todos y cada uno de los bienes hereditarios, pero no un derecho concreto en determinados bienes, lo que solo se obtiene por la adjudicación hecha legalmente en las operaciones particionales.

Con respecto a este particular dice el Señor Manresa lo siguiente en sus comentarios al Código Civil, tomo 5, página 338:

"Además, en todo caso, así en la sucesión testamentaria como en la legítima, la completa efectividad del derecho de heredero implica la adjudicación de la herencia en las operaciones particionales, según declara el artículo 1068 (concordante con el 1035 del vigente es esta Isla) de acuerdo con la jurisprudencia constante del Tribunal Supremo, en cuya virtud la partición legalmente hecha confiere a cada heredero la propiedad exclusiva de los bienes que le hubieren sido adjudicados, o sea el *apoderamiento corporal de los bienes de la herencia,* que decía la ley 1ª. título 14 de la partida 6ª. Y aún en la intestada requiere todavía, antes que esto, la previa declaración de herederos hecha por el juez competente, en la forma que determinan los artículos 977 al 1000, ambos inclusives de la Ley de Enjuiciamiento Civil."

Ocurrida la muerte del causahabiente, existe en sus herederos, según los artículos citados, un dominio en el todo indeterminado, que se concreta y determina mediante la partición

y adjudicación de los bienes hereditarios, la que según el artículo 1035 del Código Civil vigente, concordante con el 1068 del Código anterior, es la que confiere propiedad exclusiva a un heredero sobre los bienes que le hayan sido adjudicados.

Es cierto que, en la sentencia del Tribunal Supremo de España de 20 de mayo de 1899 se declaró que "a partir del hecho de que al fallecimiento de una persona tenía por título traslativo inscrito en el registro el dominio pleno sobre un inmueble, es indiscutible que desde el momento de ocurrir su muerte lo adquirieron sus hijos por sucesión directa, y la declaración de herederos abintestato inscrita a su favor en el registro, constituye un título de dominio bastante para ejercitar la acción reivindicatoria, mientras otro mejor no la obste."

Mas, en ese caso, la finca figuraba inscrita en pleno dominio a nombre del causante, la reclamación la hicieron todos sus herederos y habían inscrito la finca a su nombre mediante la presentación de su declaratoria de herederos, ninguno de cuyos requisitos se ha dado en el presente caso. Allí reclamaban todos los herederos en beneficio de la comunidad y aquí un heredero reclama la mitad de una finca como suya exclusivamente.

La doctrina que exponemos está apoyada por las sentencias del Tribunal Supremo de España de 9 de enero de 1866; 17 de enero de 1872; 17 de diciembre 1873; 20 de abril de 1874; 29 de enero de 1884.

En la de 13 de junio de 1901, 91 Jurisprudencia Civil 915, se ha establecido la siguiente doctrina:

"Que mientras no se haga la liquidación de la herencia, y por consecuencia de ella la correspondiente partición y adjudicación a cada heredero de lo que les corresponde, carecen éstos de verdadero título que les sirva para reivindicar bienes concretos y determinados de la misma herencia, pues para tal acción no es título suficiente el testamento."

Como los demandantes no han justificado que a la fecha de su reclamación fueran dueños exclusivos de la mitad pro-

indivisa de la finca en litigio, procedió correctamente la corte inferior al sostener la moción de los demandados de que la prueba no era suficiente para justificar una sentencia favorable a los demandantes y al dictar sentencia en tal sentido, por lo que ésta debe ser confirmada.          *Confirmada.*

· Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, y del Toro.

El Juez Asociado Sr. Wolf, firmó haciendo constar estar conforme con la sentencia pero no con todos sus fundamentos.

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF.

Mi principal razón para presentar separadamente una opinión concurrente, es la de que, a mi juicio, el verdadero principio no queda suficientemente afirmado en la opinión de la corte, sino que más bien se establece como por vía de excepción. Yo entiendo que el principio es, y ha sido desde los tiempos de Roma, que los herederos del difunto le suceden en todos sus derechos y títulos, y que ellos pueden sostener pleito para recobrar toda propiedad perteneciente a la herencia del difunto, o cualquiera parte de ella que sea detenida de adverso contra ellos. La excepción es cuando hay más de un heredero, que ningún heredero por sí solo pueda promover un litigio para recobrar una propiedad determinada, hasta que él sea declarado el solo y exclusivo dueño de tal propiedad.

Todos los herederos pueden promover tal pleito, y aun podría uno de ellos, en representación de los demás, hacerlo así, bajo ciertas restricciones. Es casi un ejemplo del antiguo lema: "Unidos, nos sostenemos; divididos, caemos."

· Convengo enteramente en la opinión de la mayoría, en cuanto a que toma por base para la confirmación de la sentencia el principio de que habiendo varios herederos, no puede uno solo de ellos, por sí, promover un pleito acerca de determinada propiedad de la herencia, a menos de que haya precedido una partición y división de la herencia. Pero no estoy conforme con aquellos otros puntos de la opinión, que

parecen dar a entender que un título tal que facultaría a todos los herederos a promover un pleito de reivindicación, no es completo desde el momento en que falleció el causante de la herencia.

Al tratar de la sentencia de la Corte Suprema de España de fecha 20 de mayo de 1899, la opinión de la mayoría, si no se explicara, o si no se separara de su contexto, parecería indicar que el registro de la declaratoria de herederos, en el correspondiente registro de la propiedad pudiera conferir a los herederos algún mayor derecho. Yo no creo que la totalidad de la opinión se incline a ese principio, pero pudiera extraerse esa inferencia de las palabras empleadas por la corte al comparar el caso de aquella sentencia con el presente caso. A más de esto, la cita de la sentencia del Tribunal Supremo de España de fecha 13 de junio de 1901, por sí sola, no creo que establece claramente la doctrina legal. Todos los herederos pueden unirse para promover y sostener un litigio con respecto a propiedad determinada, que se retenga por alguien en adverso, y de la que ellos son los verdaderos dueños.