Sucesión Rivera García, Demandante y Apelada, *v.*
Hernández et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Humacao
en pleito sobre reivindicación de inmuebles y sus frutos,
e indemnización de daños y perjuicios.

No. 1834.—Resuelto en diciembre 20, 1918.

Acción Reivindicatoria—Adjudicación de la Cosa.—Para que en una acción
reivindicatoria pueda recobrarse determinada fracción de terreno, es preciso
que ésta haya sido especialmente adjudicada.

Cesión de Derechos—Derechos del Cesionario.—El derecho de una persona a
ceder o traspasar los derechos y acciones que le correspondan en determi-
nada cosa está expresamente reconocido por el artículo 406 del Código Civil.
Y tal cesión o traspaso de todos sus derechos y acciones en la herencia, hecho
por un heredero, es perfectamente válido y crea derechos en favor del ce-
sionario.

Acción Reivindicatoria Contra un Condueño.—Cuando resulta que un deman-
dado es condueño en la cosa sobre la cual versa la reclamación, la acción
reivindicatoria establecida contra él por unos demandantes mayores y me-
nores interesando la entrega de la totalidad de una finca, es improcedente.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Manuel Tous Soto* y
*Rafael Arce.*

Abogado de la apelada: *Sr. Luis Mendín.*

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

Jacinto Rivera García falleció en 27 de febrero de 1895.
Había contraído dos veces matrimonio y los herederos nom-
brados en su testamento lo eran Josefa, Graciano, Abad,
Eduarda, Cristina, Prudencia Vidal, Agustín, Regalada Ri-
vera Delgado y Alberto Rivera López.

Los herederos Josefa, Graciano, Antonio y Abad Rivera
Delgado, en un pleito seguido en su contra en la corte muni-
cipal por Gregorio Hernández por la suma de $600, celebra-
ron una transacción por virtud de la cual, en pago de la
ameritada deuda, traspasaron al mencionado Hernández to-
dos sus derechos y acciones a y sobre dos fracciones de te-
rreno, una de cuarenta y la otra de seis cuerdas. Este acto

de conciliación se celebró a reserva de otorgarle oportunamente la correspondiente escritura de venta, pudiendo desde luego Hernández entrar en posesión del terreno. La certificación de este acto de conciliación no pudo ser inscrita en el registro de la propiedad porque para los fines de la Ley Hipotecaria, era preciso el otorgamiento de la correspondiente escritura de venta del terreno.

Posteriormente, en 17 de mayo de 1898, Graciano Rivera otorgó escritura pública de cesión a favor de Gregorio Hernández, escritura que fué debidamente inscrita en el registro de la propiedad.

Otro de los herederos, a saber, Eduarda Rivera Delgado, asimismo otorgó escritura de cesión de sus derechos, pero la escritura no pudo inscribirse en el registro toda vez que una persona que no era testigo instrumental firmó a nombre del cedente por no saber éste leer y escribir.

Con respecto a otro de los herederos, Cristina, no pudo inscribirse la escritura pública que otorgara por el mismo defecto anteriormente apuntado y porque la cedente aparecía con el nombre de ''Crispina'' siendo ''Cristina'' su verdadero nombre.

Dos de los herederos, Prudencia y Regalada, cada una por sí y separadamente, otorgaron escrituras públicas de cesión de sus derechos, las que fueron inscritas, pero cada una de estas cesiones han sido impugnadas por razón de la supuesta menor edad de las cedentes a la fecha de su otorgamiento. Uno de los herederos, Agustín, falleció en 1899, cuando sólo contaba tres años de edad.

Respecto de Alberto Rivera López, nada aparece de los autos.

La demanda se presentó en la Corte de Distrito de Humacao a nombre de todos estos herederos y en ella se solicitaba la reivindicación del dominio y entrega de posesión de la totalidad de la finca e indemnización de daños y perjuicios por los productos recibidos. La corte dictó sentencia en favor de los demandantes por la reivindicación y orde-

nando la entrega de posesión de la finca, y además condenando a los demandados al pago de $4,000 de daños y perjuicios, costas y honorarios de abogado.

Al resolver la corte sobre la validez de estas cesiones dijo que ínterin se practique la liquidación de los bienes hereditarios y hasta tanto no se adjudique a cada heredero la participación que le corresponda, los herederos carecen de título bastante para enajenar válidamente los bienes del caudal relicto. Esta es una teoría errónea por parte de la corte. Se trata de una acción reivindicatoria, y en esta clase de acciones es preciso que para que pueda recobrarse determinada fracción de terreno, ésta le haya sido especialmente adjudicada. *Soriano et al.* v. *Rexach et al.*, 23 D. P. R. 573. Esto dista mucho de decir que uno de varios herederos no pueda traspasar todos sus derechos a otra persona. Este derecho está expresamente reconocido por el artículo 406 del Código Civil. El apelante en este caso es el demandado y no el demandante. En cuanto se refiere a la finca en cuestión, tiene todos los derechos que les hubieran correspondido a los herederos, incluyendo el derecho de posesión.

La cesión o traspaso hecho por un heredero de todos sus derechos y acciones en la herencia es perfectamente válido y crea derechos en favor del cesionario, según constante jurisprudencia de esta corte. *Rola* v. *Sucesión Hernández,* 15 D. P. R. 758; *Velilla* v. *Pizá et al.,* 17 D. P. R. 1112; *Plantations Company* v. *Smith,* 23 D. P. R. 394, 395; *Soriano et al.* v. *Rexach et al., supra.*

Que semejantes cesiones, verificadas aún antes de la liquidación y adjudicación a determinado heredero, son válidas para transferir el título de dicho heredero en el registro de la propiedad, lo ha reconocido esta corte en los casos de *Méndez* v. *El Registrador,* 18 D. P. R. 805–6; *Cortés* v. *El Registrador,* 20 D. P. R. 141.

Puesto que Gregorio Hernández necesariamente recibió todos los derechos de los herederos adultos, dicho apelante, por lo menos, es condueño con los menores, y una acción de

reivindicación en su contra es improcedente. *Fernández* v. *Gutiérrez,* 10 D. P. R. 60, 61; *Trinidad* v. *Trinidad,* 19 D. P. R. 647, 648; *Vega* v. *Rodríguez,* 21 D. P. R. 334.

Sostiene el apelante con bastante razón que cuando un menor heredero de más de catorce años celebra un contrato, como en el presente caso, es su deber impugnarlo dentro de los cuatro años de haber cumplido su mayor edad. El apelado sostiene que el menor no puede consentir. No carece de fundamentos la teoría del apelante, pero preferimos más amplia discusión sobre este punto antes de resolverlo definitivamente.

No encontramos justificación alguna para este pleito, especialmente por parte de los herederos adultos.

Puesto que los demandantes en sí no reúnen todo el título a la finca en cuestión, y puesto que los adultos carecen de todo derecho a hacer reclamación alguna, es de revocarse la sentencia y desestimarse la demanda, sin especial condenación de costas.

> *Revocada la sentencia apelada y desestimada la demanda, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.