ESTATE OF HARRY A. McCORMICK, Y JOSÉ L. BERRÍOS, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

No. 754.—*Sometido:* Marzo 27, 1929. *Resuelto:* Abril 23, 1929.

*H. Torres Solá,* abogado de los recurrentes; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Don Enrique A. McCormick falleció en San Juan, P. R., bajo testamento abierto, en el que instituyó herederos voluntarios, por no tenerlos forzosos, e hizo varios legados. En ese testamento nombró como albacea a su esposa doña Dolores Alcaide y Baiz y a don Carlos J. Torres, confiriéndoles amplias facultades para administración, y las de enajenar y gravar los bienes de su herencia.

Los albaceas, en representación del Estate of Harry A.

McCormick y Hartman, y la viuda doña Dolores Alcaide y Baiz como partícipe por gananciales, y cuota usufructuaria, vendieron a don José L. Berríos, por escritura de 18 de mayo de 1928, ratificada por otra de 13 de agosto de 1928, varias fincas rústicas en término de Yabucoa, quedando parte del precio aplazado representado por dos pagarés, garantizados por una hipoteca sobre una de las fincas vendidas. Se llevó al Registro de la Propiedad de Humacao esa documentación, con la copia fehaciente del testamento, y las cartas testamentarias, y los derechos de inscripción, y se solicitó ésta. El registrador de la propiedad inscribió en parte, y denegó la inscripción en cuanto a una finca de 195 cuerdas en el barrio Guayabota, de Yabucoa, otra de 44 cuerdas en el mismo barrio y un condominio en otra de 112 cuerdas en el mismo barrio, por no acreditarse que se haya pagado a al Pueblo de Puerto Rico la contribución de herencia, o que exista la exención; y en cuanto a las otras tres, por el mismo defecto, y por no aparecer inscritas a nombre del causante, ni de otra persona. Esta nota fué puesta al pie del testamento de McCormick. Y en cuanto a las escrituras de 18 de mayo y 3 de agosto de 1928, el registrador inscribió en cuanto a la compraventa, respecto a la participación que por gananciales pueda corresponder a doña Dolores Alcaide y Baiz en la finca de 195 cuerdas, y denegó en cuanto al resto de la finca, y las otras tres, incluyendo el usufructo de la señora Alcaide, por no estar inscritas las fincas a favor de dicha señora y el Estate de Harry A. McCormick, ni de otra persona; y tomó la anotación. Y en cuanto a la hipoteca por el precio aplazado, puso una nota de denegación, concordante con la puesta en lo que atañe a la compra-venta.

Contra esas notas, de fecha 20 de febrero de 1929, se ha interpuesto este recurso, aunque no contra la negativa a inscribir las otras fincas y condominio que no se hallan inscritos a favor del causante, y sí sólo en lo que toca a la finca de 195 cuerdas, vendida a Berríos.

De acuerdo con la jurisprudencia de este tribunal, en los

casos *Sucesores de L. Villamil & Co.* v. *El Registrador,* 16
D.P.R. 759, y *Vilella* v. *Registrador,* 36 D.P.R. 795, es indu-
dable que cuando los albaceas tienen la facultad extraordi-
naria para vender bienes inmuebles, no es precisa, en la
venta, la intervención de los herederos voluntarios. En la
última de esas decisiones se trata el aspecto jurídico del
cargo de albacea, y la tan debatida cuestión de si es el alba-
cea un mandatario del testador, o lo es de los herederos; y
se cita la opinión de Manresa en el sentido de que el albacea
representa la personalidad del testador. El Juez Asociado
que suscribe, tiene el concepto de que el albacea representa
la personalidad del testador; pero en cuanto a la extensión
de sus facultades, en cuanto a los límites de esa represen-
tación, tiene la grave duda de si ellas pueden ir más allá de
lo que requiere el ejercicio de un cargo que tiene la caracte-
rística esencial de ser puramente testamentario, y por con-
siguiente de si es, o no, necesario distinguir entre las fun-
ciones y los actos testamentarios, o con la testamentaría re-
lacionados, y los que no lo son. Pero ésta es materia que
no afecta, ahora, a la decisión: y en lo que sólo el deseo
de salvar una opinión legal, autoriza a hacer esta disgresión.

La parte recurrente establece el problema en términos
análogos a éstos: facultados los albaceas para enajenar, los
actos o contratos que en ese sentido realicen, son enajena-
ciones del mismo testador; y por ello no vienen sujetos a
la contribución de herencia.

Declaramos que cualesquiera que sean las facultades del
albacea, ellas no pueden ser ejercitadas más que previa la
ocurrencia de un suceso, la muerte del testador, que les da
ese carácter de albaceas; y durante la vigencia de un testa-
mento que sólo por la muerte del testador empieza a tener
efecto, lo mismo en cuanto a las instituciones y legados, que
en cuanto a los nombramientos de albaceas y contadores.
Muerto el testador, y mientras los herederos se constituyen
en tales por la aceptación, la herencia ha surgido, y se halla
en un estado de proindivisión, pero sin que ello signifique

que no es herencia, y sin que ello perjudique el derecho y señorío de los herederos sobre los bienes de la misma. La antigua jurisprudencia española sostuvo que las disposiciones testamentarias adquieren toda su eficacia desde la muerte del testador; y desde entonces pasa el señorío de las cosas a los herederos o legatarios llamados a su obtención (Sentencia del Tribunal Supremo de España de 20 de noviembre de 1878). Y asimismo en la del citado tribunal de 28 de febrero de 1879, se dijo que el señorío de las cosas hereditarias no divididas pertenece en común a los coherederos. El Código Civil Español en su artículo 657, (del que es trasunto el 665 de nuestro código) declara que los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte. Y ésa es la doctrina de las sentencias del Tribunal Supremo de España en la de 8 de marzo de 1899, y en la de 20 de marzo de 1916. Y ésa es la doctrina reconocida y sustentada por este Tribunal Supremo de Puerto Rico, especialmente en el caso *Velilla* v. *Pizá et al.*, 17 D.P.R. 1112. En el aspecto subjetivo de la herencia, tanto la ley como la interpretación auténtica, reconocen el principio de que el carácter de heredero nace con la muerte del testador, y desde ella. Y en el aspecto objetivo, la herencia como conjunto de bienes, derechos y obligaciones, nace en ese momento que hemos indicado. Muerto el causante su acción espiritual y su acción material sobre derechos, obligaciones y bienes no existe; pero la herencia está ahí, viva como universalidad, y esperando sólo el momento en que la aceptación primero y la partición después, singularicen e individualicen bienes, y derechos, obligaciones y deberes. Por eso el albacea actúa dentro del concepto de herencia, y no absolutamente como si el testador estuviera vivo, ya que estándolo, el albacea no sería tal, ni siquiera en el nombre.

Si el albacea vende bienes, es indudable que el trueque de valores que es esencial a la venta, no se va a reflejar en beneficio del causante, que no existe, sino en el de la herencia, a donde va el producto de la venta, producto que bene-

ficia a los herederos, que sólo en ese concepto pueden participar en él. Y si el precio va a la herencia, como equivalente de los bienes vendidos, herencia es, y sujeta a las responsabilidades de tal. De otra manera sería fácil eludir el pago de la contribución de herencia haciendo que el albacea vendiera los bienes, y sosteniendo la teoría de que la venta era como si la hubiera hecho el mismo testador; aunque olvidando que el precio de la venta, queda.

El artículo 379 del Código Político prohibe a los notarios que expidan, autoricen o certifiquen instrumento alguno de sentencia, división o distribución, enajenación o hipoteca de bienes, a menos de presentárseles el recibo de la contribución por herencia. Y el artículo establece también la misma limitación en cuanto a los registradores. En el caso presente el registrador encuentra que tal pago no se justifica; y se ve en el caso de denegar la inscripción, denegación que está perfectamente justificada.

*Las notas recurridas deben ser confirmadas, y se confirman.*

El Juez Presidente Sr. del Toro no intervino.