EDUARDO TORRES BATIZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

Número 1296.

*Sometido:* 6 de mayo de 1953. *Resuelto:* 30 de junio de 1953.

*Miguel Bahamonde*, abogado del recurrente; el Registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Se trata de un recurso gubernativo contra nota del Registrador de la Propiedad de Utuado denegando la inscripción de una escritura sobre cesión de derechos hereditarios.

Herminio Torres Lugo dejó diez herederos, entre ellos, a Alejandro Santos y al recurrente, Eduardo Torres Batiz. La única propiedad relicta a su fallecimiento fué un condominio en cierta finca que fué valorado por el entonces Tesorero de Puerto Rico, para los efectos de la contribución de herencia, en cinco mil dólares, de los cuales, una vez descontadas las deducciones al caudal hereditario, quedaron $2,980, como valor de los bienes a repartir. Santos cedió al recurrente, por escritura pública, y por el precio de $314, "todos cuantos derechos y acciones pudiera corresponderle en la herencia . . . de Herminio Torres Lugo". Dicha escri-

tura fué presentada al recurrido para que inscribiera la cesión a nombre del recurrente. Con la escritura de cesión el recurrente presentó al recurrido carta de exención de contribución sobre herencia en cuanto al referido condominio. Éste se negó a inscribir por dos razones, (1) "por haberse observado que no se ha demostrado la parte alícuota que corresponde a cada heredero"; (2) "posiblemente esta operación representa una donación sin que se haya acompañado recibo de pago o exención de pago de la contribución sobre la misma". Negada la inscripción solicitada, se tomó anotación preventiva por ciento veinte días. Nos pide el recurrente que revoquemos la nota, y ordenemos la inscripción de la referida escritura, sosteniendo que el recurrido, quien no ha comparecido para oponerse, erró al resolver que la cesión no era inscribible por no haberse determinado la parte alícuota que corresponde a cada uno de los herederos de Torres Lugo, y al decidir que posiblemente dicha cesión representaba una donación.

 Tiene razón el recurrente. "La cesión o traspaso hecho por un heredero de todos sus derechos y acciones en la herencia es perfectamente válido y crea derechos en favor del cesionario, según constante jurisprudencia de esta corte". *Rola* v. *Sucn. Hernández*, 15 D.P.R. 758; *Velilla* v. *Pizá et al.*, 17 D.P.R. 1112; *Plantations Company* v. *Smith*, 23 D.P.R. 394, 395; *Soriano et al.*, v. *Rexach et al.*, 23 D.P.R. 573; *Sucn. Rivera García* v. *Hernández et al.*, 26 D.P.R. 800. El derecho de un heredero a la herencia de su padre, nace al ocurrir el fallecimiento de éste, y aquél, desde ese momento, puede enajenarlo. *Méndez* v. *El Registrador de la Propiedad*, 18 D.P.R. 805. Es inscribible la enajenación del derecho hereditario aunque no se haya verificado la adjudicación correspondiente, siempre que se halle previamente inscrito a favor del trasmitente, y aunque éste solo sea un partícipe y su participación en la herencia esté determinada por la cantidad que representa su valor, y no por la participación alícuota de la finca. *Quiñones* v. *El Registrador*

*de la Propiedad,* 16 D.P.R. 16, *Cortés* v. *El Registrador,* 20 D.P.R. 141.(¹)

En cuanto a aquella parte de la nota en la que se expresa que la cesión posiblemente "representa una donación", la forma de la negativa que ella envuelve no revela el fundamento de la misma. Esa manifestación es sencillamente una conjetura, para la cual, hasta donde nos ha sido posible determinar, no encontramos justificación.

Debemos llamar la atención de los registradores al deber que tienen, cuando deniegan alguna inscripción o anotación, de hacer constar claramente los verdaderos motivos de la negativa, y que no deben dejar a los que las solicitan, ni a este Tribunal, la tarea de adivinarlos.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*

_____

(¹) Aparece del escrito del recurrido que el condominio fué inscrito a nombre de los herederos de Torres Lugo en común proindiviso.