PUEBLO INTERNATIONAL, INC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE RÍO PIEDRAS, recurrido.

*Número:* O-73-265      *Resuelto:* 10 de octubre de 1973

702

*Morales, Cordero, Ruiz & Lugo,* abogados de la recurrente; el Registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Según lo autoriza la Ley General de Corporaciones de Puerto Rico (14 L.P.R.A. secs. 1101 y ss.), ocho corporaciones se consolidaron y fusionaron subsistiendo únicamente la aquí recurrente Pueblo International, Inc. Entre las que desaparecieron en la fusión se halla Pueblo Supermarkets of Puerto Rico, Inc., dueña y titular registral de una parcela de 15.1306 cuerdas en el Barrio Monacillos de Río Piedras. Por disposición del Art. 903 de la Ley de Corporaciones (14 L.P.R.A. sec. 1903) al consumarse la fusión, la corporación subsistente Pueblo International adquirió todos los bienes muebles e in-

muebles, derechos, facultades y franquicias de las constituyentes.

Para trasladar el título de la extinta corporación Pueblo of Puerto Rico sobre la parcela en Río Piedras, a la corporación subsistente Pueblo International, se presentó al Registro de la Propiedad un certificado de la Secretaría de Estado aseverando que el referido acuerdo de fusión se había registrado y archivado en dicho departamento, copia del acuerdo y un escrito titulado Instancia suscrito por el abogado de Pueblo International, en el que solicita del Registrador que practique la entrada correspondiente en que figure dicha corporación como dueña de la parcela afectada. Denegó el Registrador la inscripción por no tener los documentos presentados la calidad de inscribibles bajo los Arts. 2 y 3 de la Ley Hipotecaria (30 L.P.R.A. secs. 2 y 3).

Tanto el Registrador como la recurrente en sus alegatos pasan por alto el Art. 21 de la Ley Hipotecaria (30 L.P.R.A. sec. 46) que dispone:

"Las escrituras públicas de actos o contratos que deban inscribirse, expresarán por lo menos todas las circunstancias que bajo pena de nulidad debe contener la inscripción y sean relativas a las personas de los otorgantes, a las fincas y a los derechos inscritos.

Los dueños de bienes inmuebles o derechos reales por cualquier título universal o singular que no los señale y describa individualmente, podrán obtener su inscripción presentando dicho título con el documento, en su caso, que pruebe haberles sido aquél transmitido, y justificando con cualquier otro documento fehaciente que se hallan comprendidos en él los bienes que traten de inscribir.—Ley Hipotecaria, 1893, art. 21."

El título fundamental presentado por la recurrente es el Acuerdo de Fusión, (1) registrado en la oficina del Secretario

(1) "Se entenderá por título para todos los efectos de la inscripción el documento público y fehaciente, entre vivos o por causa de muerte, en que funde su derecho sobre el inmueble o derecho real la persona a cuyo favor deba hacerse la inscripción misma." Art. 50, Reglamento Hipotecario (30

de Estado de Puerto Rico y en la de Delaware, cuyo acuerdo en su cláusula 4 dispone que al entrar en vigor el mismo la corporación subsistente (Pueblo International) advendrá dueña de toda la propiedad y activos de las corporaciones constituyentes (entre ellas Pueblo de Puerto Rico) y que toda la propiedad mueble e inmueble perteneciente a éstas se tendrá por transferida a y su título investido en la corporación subsistente sin más acto ni documento. Dicha cláusula incorpora en lo substancial, al pacto de consolidación, el Art. 903 de la Ley de Corporaciones (14 L.P.R.A. sec. 1903. (²).

---

L.P.R.A. sec. 880). *Cf. Ponce Real Estate Corp.* v. *Registrador*, 87 D.P.R. 215, 218 (1963).

(²) "Cuando el convenio de consolidación o fusión se hubiere firmado, autenticado, radicado y registrado con arreglo a los requisitos de' este Subtítulo, para todos los efectos de las leyes del Estado Libre Asociado se extinguirá la personalidad jurídica aislada de todas las corporaciones constituyentes que fueren partes en el convenio, salvo la de la que hubiere absorbido por fusión a la otra u otras, según el caso; y las corporaciones constituyentes pasarán a ser una nueva corporación, o serán absorbidas en la fusión por una de tales corporaciones, según el caso, con arreglo a las disposiciones de tal convenio; y la corporación resultante tendrá todos los derechos, privilegios, facultades y franquicias, de índole tanto pública como privada y estará sujeta a todas las restricciones, inhabilidades y deberes, de cada una de tales corporaciones así consolidadas o fusionadas; y, sin excepción, todos los derechos, privilegios, facultades y franquicias de cada una de tales corporaciones, y todos los bienes, muebles e inmuebles, y todos los créditos, por cualquier concepto y de cualquiera de tales corporaciones constituyentes, tanto respecto de suscripciones de acciones como de derechos o bienes reclamables o pertenecientes a cada una de tales corporaciones, pasarán a ser derechos, privilegios, facultades, franquicias, bienes y créditos de la corporación que se originare de la consolidación o que subsista a la fusión. Todos los bienes, derechos, privilegios, facultades y franquicias, y, sin excepción, todo otro interés pasarán consiguientemente al patrimonio de la corporación que se originare o que subsista, con el mismo alcance que tenían en los respectivos patrimonios de cada corporación constituyente. El título de cualesquiera bienes inmuebles adquiridos por escritura u otro título, con arreglo a las leyes del Estado Libre Asociado, por cualquiera de tales corporaciones constituyentes, no revertirá ni sufrirá menoscabo en modo alguno en razón de este Subtítulo; y subsistirán sin menoscabo alguno todos los derechos de los acreedores y todos los gravámenes sobre cualesquiera bienes de cualquiera de las corporaciones constituyentes; y todas las deudas, obligaciones y deberes de las respectivas corporaciones constituyentes, serán en adelante deudas,

Si bien en el título universal que hemos glosado no se describe la finca cuya inscripción se interesa, ésta aparece descrita con particularidad en una instancia interesando la inscripción suscrita por el abogado de la recurrente, en la que además se ofrece el dato exacto de inmatriculación, expresando folio, tomo y números de finca e inscripción.

Hay una notable analogía en el trámite de registro para trasladar la inscripción del inmueble de una corporación extinta a la subsistente, y el seguido para inscribir los bienes de un causante a favor de sus herederos. En el centro de ambos procesos hay un título universal que para la sucesión lo es el testamento o la declaratoria de herederos, en ninguno de los cuales por lo general se describen los bienes diferidos; y que para la recurrente Pueblo International lo es el documento auténtico expedido por funcionario competente (Secretario de Estado) comprensivo del Acuerdo de Fusión corporativo, complementado en este caso por el estado de derecho declarado en el Art. 903 de la Ley de Corporaciones. Siendo indisputable el derecho de dominio consignado en el documento base o título fundamental, resulta una fase secundaria del trayecto registral señalar al Registrador, los bienes inmuebles sobre los que recae el dominio, por lo que a tenor de los Arts. 21 de la Ley Hipotecaria y su concordante el 87 del Reglamento[3] no se requiere un justificante que lleve aparejada eficacia alguna probatoria, sino meramente indicativa a los efectos señalados.

obligaciones y deberes de la corporación que se origine por la consolidación o que subsista a la fusión, y le serán exigibles como si tales deudas, obligaciones y deberes hubieren sido contraídos por ésta." Art. 903, Ley de Corporaciones (14 L.P.R.A. 1903).

[3] Art. 87, Reglamento Hipotecario

"Se considerarán documentos fehacientes, para los efectos del párrafo segundo del art. 21 de la Ley . . . cualesquiera otros instrumentos que hagan fe y expresa mención de los bienes y de su procedencia en términos suficientemente explícitos a juicio del Registrador, y salvo en todo caso, contra su decisión el recurso gubernativo correspondiente." *Padres Mercedarios* v. *Registrador*, 66 D.P.R. 927, 929 (1947); *Vda. de Giol* v. *Giol García*, 98 D.P.R. 227, 235 (1969).

A tales fines, basta el escrito o instancia de parte interesada.

■ Consideramos que la documentación presentada al Registro satisface las normas de legalidad y especialidad de dicha institución. Comentando los Arts. 16 y 21 de la Ley Hipotecaria de España que en conjunto equivalen al texto transcrito del Art. 21 nuestro, Roca Sastre ha dicho:

"Ahora bien, dispone el referido art. 16 de la Ley Hipotecaria que 'los dueños de bienes inmuebles o derechos reales por testamento u otro título universal o singular, que no los señale y describa individualmente, podrán obtener su inscripción, presentando dicho título con el documento, en su caso, que pruebe haberles sido aquél transmitido y justificando con cualquier otro documento fehaciente que se hallan comprendidos en él los bienes que traten de inscribir'.

El precepto responde a la preocupación del legislador respecto de aquellos títulos que—por ejemplo, un auto de declaración de herederos *ad intestato* generalmente o un testamento—no describen, ni siquiera señalan, los inmuebles o derechos reales objeto de los mismos. Como el art. 21 de la misma ley Hipotecaria exige que los documentos que deban inscribirse han de contener las circunstancias que, referentes a las *fincas,* sean precisas para la inscripción, de aquí que el legislador se creyó en la necesidad de establecer dicha norma, referente al modo de justificar el hecho o circunstancia de que determinadas fincas o derechos están comprendidos en un título básico, universal o singular, que no los señale ni los describa.

.        .        .        .        .        .        .        .

El comentario que merece dicho art. 16 de la ley Hipotecaria ha de dirigirse a demostrar su perfecta inutilidad, pues una de tres: a) Si se trata de fincas *inmatriculadas* y el dominio de las mismas o los derechos reales sobre ellas, probablemente figurarán *inscritos* a nombre del causante o transferente, y entonces no se requiere documento alguno que justifique que tales bienes o derechos están comprendidos en el título universal o singular que no los describa ni señale, puesto que la circunstancia de figurar inscritos dichos bienes o derechos a nombre del referido causante o transferente demuestra suficientemente, cuando no en virtud del principio de legitimación registral, que los mismos se

hallan comprendidos en el mencionado título universal o singular; . . . .

. . . Por tanto, en el caso en que las fincas o derechos figurasen inscritos a nombre del causante, *no había que justificar nada, pues la justificación ya estaba en el Registro mismo*. El problema surgiría si las fincas o derechos no estaban inscritos, pero entonces ya se trataba de una cuestión distinta, como es la *inmatriculación* de las fincas o la *previa inscripción* del dominio o derechos reales. (Énfasis en el original.)

Estando, pues, inscritos los bienes a nombre del causante o disponente, no se requería ni se requiere presentar aquel documento fehaciente de que hablaba antes el párrafo segundo del art. 21, y hoy el art. 16 de la ley, lo que hace que quede reducido este precepto a algo que sólo interesa a los efectos inmatriculadores. No obstante, siempre será precisa la presentación de un documento que describa las fincas en plena coincidencia con el Registro. La Dirección llegó a declarar que ni esto era necesario, pues al Registrador le bastaba examinar los índices y registrar el derecho hereditario en todas los hojas registrales de fincas inscritas a favor del causante (resoluciones de 1 de julio de 1863, 7 de octubre de 1880, 14 de diciembre de 1894 y 18 de junio de 1897) ; pero otras veces exigió escritura descripcional o de inventario (resoluciones de 26 de agosto de 1863 y 12 de agosto de 1869). Hoy, repetimos, al menos se requiere una instancia privada descriptiva, suscrita por los herederos si sólo se trata de anotar el derecho hereditario o suscrita por el heredero único, si quiere inscribir; . . . ." Roca Sastre, *Derecho Hipotecario,* Sexta edición (1968), Tomo II, págs. 571 y ss. *Cf. Méndez* v. *Registrador,* 18 D.P.R. 805, 810 (1912). *Padres Mercedarios* v. *Registrador,* supra. Galindo y Escosura, *Comentarios a la Legislación Hipotecaria de España,* Cuarta Ed. (1903), Tomo 2, págs. 235, 236; Morell y Terry, *Comentarios a la Legislación Hipotecaria,* Segunda Ed. (1927), Tomo 2, pág. 470; Barrachina, *Comentarios a la Ley Hipotecaria,* Ed. 1909, Tomo I, pág. 68; Beraud y Lezon, *Tratado de Derecho Inmobiliario,* Ed. 1927, Tomo I, pág. 392.

■ Al dar acceso al Registro al título del recurrente coincidimos con el criterio reiteradamente expresado por la Dirección General de Registros de España, en cuanto a que las

cuestiones dudosas deben resolverse en el sentido más favorable a la libertad de dominio; y que el Registrador dentro de los límites del sistema, ha de procurar en todo lo posible el ingreso de los títulos en los libros para que gocen de su protección y garantía, puedan ser objeto de sucesivas operaciones de tráfico y permitan a su titular el máximo rendimiento economicojurídico. (Res. 19 dic. 942 y 7 oct. 943.)

*Se revocará la nota recurrida y se ordenará la inscripción.*