PROVINCIA RELIGIOSA DE PADRES MERCEDARIOS DE CASTILLA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1194.—*Sometido:* Noviembre 4, 1946. *Resuelto:* Febrero 11, 1947.

*Carlos García Méndez,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Por escritura otorgada en España la recurrente adquirió ciertas propiedades localizadas en Lajas, Puerto Rico, pertenecientes a Pantaleona Melón Sáenz. La escritura describía adecuadamente una de las propiedades pero no así las otras por no disponer de antecedentes para su descripción. En la escritura se expuso que las propiedades que se vendían consistían de todas las que la vendedora poseía en Lajas y que había adquirido por herencia de su primo, Santiago Sáenz Martínez.

La recurrente presentó en el Registro la escritura para su inscripción acompañándola de otra otorgada por su apoderado en la que se describían las propiedades que poseía la vendedora en Lajas. El Registrador denegó la inscripción por dos fundamentos. El primero, porque existía una anotación preventiva a favor de una heredera de la causante

sobre las propiedades que se intentaba inscribir. Es innecesario considerar el primer fundamento ya que se ha radicado una certificación del Registrador acreditativa de que la anotación preventiva ha caducado.

El segundo fundamento del Registrador consistía en que en la escritura no se describían las propiedades y que el acta aclaratoria que se acompañó otorgada por el apoderado de la recurrente no era suficiente. La recurrente sometió entonces al Registrador una escritura otorgada por el apoderado de Pantaleona Melón sobre Acta Notarial sobre inventario de los Bienes Heredados por doña Pantaleona Melón por Testamento de don Santiago Sáenz Martínez. En este documento se describen las propiedades heredadas por la vendedora radicadas en el municipio de Lajas. El Registrador ratificó su resolución anterior y la peticionaria presentó este recurso gubernativo.

El Registrador descansa en los artículos 9 y 21 de la Ley Hipotecaria y en el 87 del Reglamento. Pero precisamente los artículos 21 y 87 autorizan al Registrador, una vez establecido por documento fehaciente exactamente cuáles son las propiedades que se venden, inscribir las mismas en el Registro.(1)

Morell, comentando el artículo 21 de la Ley Hipotecaria Española, esencialmente igual al nuestro, dice a la pág. 428 del tomo 2 de sus Comentarios a la Ley Hipotecaria, ed. 1917:

---

(1) Estos artículos leen así:

"Artículo 9.—Toda inscripción que se haga en el registro expresará las circunstancias siguientes:

"1. La naturaleza, situación y linderos de los inmuebles objeto de la inscripción, o a los cuales afecte el derecho que deba inscribirse, y su medida superficial con arreglo a la usada en el país, y su equivalencia en el sistema métrico decimal, nombre y número, si constaren del título.

"  *        *        *        *        *        *        *

"Artículo 21.—Las escrituras públicas de actos o contratos que deban inscribirse, expresarán por lo menos todas las circunstancias que bajo pena de nulidad debe contener la inscripción y sean relativas a las personas de los otorgantes, a las fincas y a los derechos inscritos.

"En efecto; se habla en general de títulos universales y singulares, y en general también se exige solamente que se justifique, con cualquier otro documento fehaciente, que se hallan comprendidos en aquéllos los bienes que han de inscribirse. A vende a B las fincas que adquirió de C en la escritura de tal fecha, ante tal notario, sin describirla. El texto del párrafo segundo del artículo 21 permite justificar con la escritura de venta aludida cuáles son las fincas que se venden y que se quieren inscribir."

Galindo y Escosura son de la misma opinión en 2 Comentarios a la Legislación Hipotecaria de España, pág. 222:

". . . Pero aun concediendo que el Artículo 28 del Reglamento dijese lo que la resolución afirma, no es aplicable como doctrina general: contra ello tenemos, además de lo que dispone el Núm. 1º del art. 64 del mismo Regl., acerca de las circunstancias que han de contener las anotaciones, el precepto claro y terminante del art. 21 de la L. H., según el cual, aunque los títulos *universales o singulares* no describan los bienes, pueden inscribirse si de otro documento fehaciente resulta que están comprendidos en aquellos títulos: la Res. de 6 Dic. 1864, declarando que basta que los linderos consten en un documento auténtico, ya sea anterior o posterior al que se ha de inscribir, o en certificación del Administrador de Hacienda, si se trata de fincas enajenadas por ésta, y la de 8 de junio de 1876, que declara que la falta de descripción o determinación de fincas, puede suplirse presentando otros documentos en que conste."

Siendo la escritura otorgada por el apoderado de la vendedora un documento fehaciente en el que se describen los bienes y apareciendo en el Registro los mismos inscritos a nombre de la transmitente, *erró el Registrador al denegar la inscripción.*

---

"Los dueños de bienes inmuebles o derechos reales por cualquier título universal o singular que no lo señale y describa individualmente, podrán obtener su inscripción presentando dicho título con el documento, en su caso, que pruebe haberle sido aquél transmitido, y justificando con cualquier otro documento fehaciente que se hallan comprendidos en él los bienes que traten de inscribir."

"Artículo 87.—Se considerarán documentos fehacientes, para los efectos del párrafo segundo del Artículo 21 de la Ley . . . o cualesquiera otros instrumentos que hagan fe y expresa mención de los bienes y de su procedencia en términos suficientemente explícitos a juicio del Registrador, y salvo en todo caso, contra su decisión, el recurso gubernativo correspondiente."