Nilda Pinto Vda. de Giol, demandante y recurrente, *v.* William Giol García, demandado y recurrido.

*Número:* R-68-328 *Resuelto:* 31 de diciembre de 1969

*Enrique Igaravidez,* abogado de la recurrente; *Rieckehoff, Calderón, Vargas & Arroyo,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Ante la imposibilidad de convenir el recurrido, el único heredero de, y la recurrente, la viuda de, José Miguel Giol, la liquidación de la sociedad de gananciales y la partición de los bienes de dicho causante, radicó la viuda en 10 de junio de 1964 en el tribunal de instancia una demanda en contra del recurrido en la cual solicitó del tribunal de instancia que (1) ordenara la liquidación de los bienes gananciales; (2) fijara la cuantía del caudal hereditario; (3) realizara la distribución del mismo; y (4) emitiera los demás pronunciamientos que fueran de rigor. Solicitó el nombramiento de un administrador judicial de todos los bienes a fin de proteger los intereses de la recurrente. En su contestación, el recurrido aceptó las alegaciones de la demanda excepto la del nombramiento del administrador judicial, alegando en contrario que los negocios corporativos están siendo administrados eficientemente sin peligro de dilapidación u ocultación y que el caudal hereditario no se ha liquidado "única y exclusivamente por la actitud contumaz de la recurrente pues ha rechazado las diversas ofertas y alternativas ofrecídasle."

A propuesta del recurrido, el tribunal nombró al Lic. Alfonso Miranda Cárdenas, cuyo nombre fue sugerido por la recurrente, como Contador Partidor "quedando además

investido con todos los poderes y facultades de un Comisionado Especial bajo la Regla 41 de las de Procedimiento Civil encomendádosle expresamente, además, la facultad de proteger la propiedad envuelta en el litigio" y que "Tal Comisionado actuará primero para determinar las cuestiones litigiosas en este caso, rendirá su informe sobre tales y finalmente actuará como Contador Partidor a todos los fines de ley." En dicha orden, el tribunal de instancia anunció que fijaría los honorarios de dicho Comisionado y Contador Partidor y que "cargaría dichas costas a la parte que el tribunal ordenase."

Las partes radicaron en 29 de abril de 1965 una estipulación en la cual relacionaron el inventario de todos los bienes de la sociedad de gananciales constituida por José Miguel Giol y la recurrente. Luego de numerosas y prolongadas vistas, el Comisionado Especial y Contador Partidor rindió sus informes en 19 de mayo de 1967. Determinó que (1) la valoración del caudal, consistente mayormente de 369 acciones de "The Granchel Medicine Co. Inc.," y solar y edificación ascendía a $393,408.82; (2) adjudicó (a) las acciones más otras cantidades al recurrido; y (b) los inmuebles los que no describió a los fines registrales, más otras cantidades, a la recurrente y recomendó que el recurrido viene obligado a satisfacer en efectivo a la recurrente la cuota usufructuaria de ésta, que a su juicio asciende a $31,418.04, más la suma de $2,642.80 recibida en exceso por el recurrido. Determinó dicho funcionario que a base de las alegaciones de la demanda y la contestación de las partes no podía determinar que existiera controversia de clase alguna entre las partes.

Consideradas las objeciones de las partes a los referidos informes, el tribunal de instancia concluyó que:

". . . a tenor con lo expresado en el primer párrafo de las recomendaciones del Comisionado Especial, que no aparece en el presente caso razonablemente que exista una verdadera contro-

versia entre las partes, y no tiene razón la parte demandante con sus objeciones en el sentido de que el Comisionado Especial no ha resuelto las cuestiones entre las partes, pues todas las cuestiones que tenía ante sí dicho Comisionado están incluidas en su informe."

Aprobó el informe del Contador Partidor, excepto que:

"Al determinar la liquidación del usufructo viudal no es correcto concederle a la demandante la suma total del usufructo de $31,418.04. Al hacerse la liquidación del usufructo debe aplicarse la fórmula legal expresada por nuestro Tribunal Supremo, teniendo en consideración la expectativa de vida de la demandante.

"En cuanto al valor razonable del uso por la demandante [aquí recurrente] de una propiedad sujeta a partición se debe acreditar únicamente al demandado la mitad del valor de dicho usufructo [sic] y no acreditarle nada a la demandante. Es decir, habiéndose estipulado que el valor razonable de dicha ocupación es la suma de $10,083.33, procede que se acredite al demandado la suma de $5,041.66 y nada a la demandante." [1]

Fijó los honorarios del Comisionado Especial y Contador Partidor en $4,000. En su sentencia ordenó que mediante escritura ante el notario público Lic. Mariano Canales se procediera a hacer la partición de los bienes de acuerdo con la distribución de los bienes a cada parte que se relacionó en la sentencia, y que el usufructo viudal podría ser liquidado y satisfecho por el recurrido mediante el pago de la cantidad que resulte luego del cómputo realizado de conformidad con la fórmula aceptada por el Tribunal Supremo atendiendo las tablas de longevidad y la expectativa de vida de la Sra. Pinto. Añadió que ". . . en el presente caso no debió haber una controversia entre las partes y todas las

---

[1] Debe aclararse que la mitad del valor razonable del uso por la recurrente del inmueble sujeto a partición, es decir, la suma de $5,041.66 que se acreditó al recurrido es parte del haber sujeto a partición y, además, debe sumarse a dicho haber a los efectos de determinar el capital sujeto al usufructo viudal al igual que las demás cantidades asignadas a Giol García en la partición.

vistas provocadas por la demandante fueron innecesarias ya que no se demostró actuación impropia de clase alguna del demandado que lesionara los derechos de la demandante. Por consiguiente, se le imponen las costas de todo el procedimiento a la parte demandante, así como el pago de los honorarios del Comisionado Especial y Contador Partidor."

En 23 de mayo de 1968 el recurrido radicó una moción en que alegó que la recurrente ha hecho retiros y ha tomado anticipos de la corporación "The Granchel Medicine Co. Inc.," por lo que le adeuda $56,788, lo cual se debe tomar en consideración en la escritura de partición. Celebradas vistas ante el Comisionado Especial sobre esta cuestión, dicho funcionario concluyó que "la demandante [aquí recurrente] adeuda a la referida corporación The Granchel Medicine Co. Inc., la suma de $56,305.07 y que esto se tome en consideración en la escritura de partición." La recurrida radicó objeciones a este informe. El tribunal de instancia entonces procedió en 18 de noviembre de 1968 a enmendar su sentencia determinando que la recurrente adeuda a la referida corporación la suma de $55,955.07 la cual se debe tomar en consideración en la escritura de partición.

En apoyo de su recurso la recurrente apunta que:

1.—"Que el Tribunal Superior erró al determinar que nunca existió controversia entre las partes, erró al no dirimir tales controversias y erró al imponer a la demandante las costas y gastos y honorarios del Contador Partidor y Comisionado Especial en este litigio."

En síntesis, arguye la recurrente que no procedía imponerle el pago de los honorarios del Comisionado Especial y Contador Partidor pues según el Art. 1017 del Código Civil los gastos de la partición hechos en interés de todos los herederos se deducirían de la herencia (31 L.P.R.A. sec. 2883). (2)

_____

(2) El Art. 1017 del Código Civil provee que:
"Los gastos de partición hechos en interés común de todos los co-

Sostiene la recurrente que la prueba demuestra que hubo controversia entre las partes pues la recurrente fue eliminada de continuar participando en la administración de los negocios y operaciones de "The Granchel Medicine Co. Inc.;" que se declararon dividendos en acciones, se sustituyeron unas acciones por otras, se expidieron nuevos certificados a las partes aquí litigantes y se limitó el derecho a firmar cheques de dicha corporación a la recurrente.

Tiene razón en parte. El tribunal de instancia nombró al Lic. Miranda Cárdenas en una capacidad dual, es decir, Comisionado Especial "para determinar las cuestiones litigiosas en este caso" y como Contador Partidor. En su capacidad de Comisionado Especial celebró numerosas y extensas vistas en que se adujo el testimonio de las partes y otros testigos y se ofreció prueba documental. Mediante el examen detenido del récord de tales vistas hemos comprobado, como lo indica el señor Comisionado, que la recurrente no adujo prueba alguna de actuación impropia de clase alguna del recurrido que lesionase los derechos de la recurrente. Las partes estipularon el inventario de los bienes objeto de partición. La prueba demostró que las acciones de "The Granchel Medicine Co. Inc.," aumentaron en valor de unos $190 en 1958 a $456 en 1964, y hasta $529 en 1967, según su valoración en el informe del Contador Partidor. El propio informe del contador público contratado por la recurrente para examinar los récords de la contabilidad y de la emisión de acciones de la referida corporación no revela irregularidad alguna o actuación que afectara los derechos e intereses de la recurrente en dicha empresa.

Es aparente que la recurrida fue temeraria en innecesariamente prolongar las vistas y la disposición final de este caso mediante actuaciones que más bien parecían "ex-

---

herederos se deducirán de la herencia; los hechos en interés particular de uno de ellos, serán a cargo del mismo."

pediciones de pesca", es decir, la búsqueda de algún fraude, posibles malversaciones o indebida disposición de fondos u otras actuaciones lesivas a sus intereses que no logró encontrar no obstante los esfuerzos inauditos realizados al efecto.

 Concluimos, por lo tanto, que de acuerdo con lo dispuesto en la Regla 41.1 de las de Procedimiento Civil, el tribunal de instancia estaba justificado en ordenar a la recurrente que pagara al Lic. Miranda Cárdenas los honorarios por la labor que realizó en su capacidad de Comisionado Especial y las costas de los procedimientos relacionados con su función como tal. Sin embargo, los honorarios por servicios como Contador Partidor así como las costas ocasionadas en los procedimientos de su función como tal deben deducirse de la herencia como lo prescribe el Art. 1017 del Código Civil. A esos efectos, el tribunal de instancia debe determinar qué parte de la cuantía de $4,000 de honorarios corresponde a la función del Comisionado Especial y qué parte es atribuible a la función del Contador Partidor.

2.—Que tanto la sentencia enmendada de 18 de noviembre de 1968 como la original de 2 de octubre de 1967 dejan de cumplir con las disposiciones mandatorias del Art. 604 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2625).

Tiene razón. Ni los informes del Contador Partidor ni la sentencia del tribunal de instancia cumplen con lo dispuesto en los Arts. 603 y 604 del Código de Enjuiciamiento Civil (32 L.P.R.A. secs. 2624 y 2625).(³)

---

(³)Los Arts. 603 y 604 del Código de Enjuiciamiento Civil proveen en parte como sigue:

Art. 603.

"El comisionado . . . presentará una relación de los bienes partibles, con el avalúo de todos los comprendidos en ella, y en su informe, que deberá suscribir, indicará la manera equitativa y justa en que puede distribuirse el caudal entre ·los que tengan derecho a la sucesión, y si opinare que no es posible llevar a cabo tal división sin que medie una venta, hará constar esta circunstancia en su informe, y propondrá una

El informe del Contador Partidor no hace una descripción adecuada de los bienes inmuebles. No relaciona la forma y manera cómo determinó la valoración de los bienes. No indica la procedencia de determinadas deudas.

■ No se determinó en dicho informe la cantidad a pagarse por concepto de la cuota usufructuaria de la recurrente de acuerdo con lo dispuesto en el Art. 765 del Código Civil (31 L.P.R.A. sec. 2415) debiendo determinarse el valor actual de dicho usufructo de acuerdo con una fórmula que parta de la base de que el principal del usufructo es de $31,418.34 (en el supuesto de que ésta sea la cuantía correcta de dicho principal) según lo determinó el tribunal de instancia, y de que este principal deba producir una renta anual, a razón de 6%, ascendente a $1,885.10.[4] Entonces procede calcular el valor actual de esa renta como lo hicimos en *Vda. de Seraballs* v. *Abella Hernández*, 90 D.P.R. 368, 370 (1964) para determinar el capital efectivo a pagar por dicha cuota usufructuaria de la recurrente.[5]

venta judicial y la repartición del producto. . . . Si dentro de los ocho días de notificada la presentación del informe, éste no fuere impugnado, el juez del Tribunal Superior lo confirmará y ordenará que se proceda a la partición, división o distribución, de acuerdo con dicho informe. Art. 604.

"Aprobadas definitivamente las particiones, cada una de las partes interesadas tendrá derecho a una copia certificada del auto definitivo de la divisoria, que deberá contener todos los requisitos necesarios para la inscripción en el registro de la propiedad, declarando tales documentos títulos inscribibles. Dictado que fuere el auto definitivo, se pondrá a los herederos en posesión de la porción de bienes que respectivamente les hubiere sido adjudicada; . . . . El Tribunal Superior aprobará dicha divisoria haciendo en ella las modificaciones legales que estime oportunas, y contra su resolución modificando dicha divisoria, si no estuvieren conformes algunos o todos los interesados, cabrá el recurso de apelación para ante la Corte Suprema, . . . ."

[4] En vista de la aclaración que hicimos en el escolio (1) anterior, el principal del usufructo puede variar.

[5] En 3 *American Jurisprudence Proof of Facts*—Appendix—aparece la tabulación indicativa del valor de un dólar por año (pagadero al final de cada año) por número específico de años que es la tabulación a usarse.

La alegada deuda de $55,955.07 de la recurrente a favor de "The Granchel Medicine Co. Inc.," no forma parte del haber de la sociedad de gananciales en cuestión ni de los bienes sujetos a partición. Por supuesto, la ultimación del proceso particional objeto de esta causa en nada afectará la legitimidad, validez, cuantía, vencimiento y cobro del referido crédito.

■ La sentencia del tribunal de instancia obviamente no contiene "todos los requisitos necesarios para la inscripción de los bienes inmuebles en el registro de la propiedad" de manera que la copia certificada del auto definitivo de la divisoria constituya un documento de títulos inscribibles como lo provee el Art. 604 del Código de Enjuiciamiento Civil, *supra*. La partición realizada en esta forma hace innecesario, por supuesto, el otorgamiento subsiguientemente de una escritura de partición. [6]

En vista de lo expuesto, resulta innecesario considerar los otros apuntamientos de la recurrente.

*En tal virtud, debe devolverse el caso al tribunal de instancia para que proceda de acuerdo con las anteriores determinaciones.*

El Señor Juez Presidente no intervino.

---

[6] En casos en que el auto divisorio no contenga la información registral necesaria, dicho auto puede suplementarse para el propósito de su *registración*, y respecto a bienes inmuebles inscritos o inscribibles a nombre del causante, por otros documentos fehacientes, con arreglo a los Arts. 21 de la Ley Hipotecaria (30 L.P.R.A. sec. 46) y 87 de su Reglamento (30 L.P.R.A. sec. 945) y lo resuelto en *Padres Mercedarios* v. *Registrador*, 66 D.P.R. 927, 929 (1947).