# 2003 DTA 114

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

EDGARDO ORIOL YORDAN SAAD
Apelado

v.

MARIA ACOSTA COLON Y EUGENIO CARLOS RODRIGUEZ IRIZARRY
Apelantes

Núm. KLAN-02-01351

San Juan, Puerto Rico, a 3 de julio de 2003

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Aponte Hernández y la Juez Pabón Charneco

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los apelantes, señora María Acosta Rolón y señor Eugenio Carlos Rodríguez Irizarry, solicitan la revocación de la sentencia emitida el 16 de septiembre de 2003 por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante la misma, dicho foro declaró con lugar la demanda sobre reclamación de usufructo viudal y condenó a los apelantes a pagar el usufructo viudal a Edgardo Oriol Yordán Saad, *"de conformidad con las determinaciones realizadas y previa tasación de los bienes"*. ■

La sentencia dictada dispuso de la controversia sobre la capacidad jurídica del demandante para instar una acción civil en reclamo del usufructo viudal. Queda pendiente la tasación y valoración de los bienes de la herencia y la adjudicación del producto al cónyuge viudo. En tales circunstancias, nos encontramos ante una resolución interlocutoria que no es revisable mediante el recurso de apelación autorizado por el Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22k. El recurso apropiado para revisar dicho dictamen interlocutorio es el de *certiorari* y así lo acogemos. Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, *supra*; Regla 32(D) de las del Tribunal de Circuito de Apelaciones.

Por los fundamentos que expondremos, modificamos el dictamen recurrido y devolvemos el caso para la continuación de los procedimientos.

## I

El señor Edgardo Oriol Yordán Saad (Yordán) presentó *"Reclamación de Usufructo Viudal"* en contra de María Acosta Colón y Eugenio Carlos Rodríguez Irizarry (los apelantes), padres de su esposa fallecida María Belinda Rodríguez Acosta, requiriendo que *"se le liquide y entregue su participación usufructuaria en los bienes de la finada mediante el cómputo de su valor presente pudiendo los demandados retener los bienes si ese fuera su deseo"*. ■ En la alternativa, solicita *"que se vendan los bienes hereditarios en subasta pública con la adjudicación que corresponda a las partes"*. ■ En su contestación a la demanda, los apelantes alegaron que los bienes de la herencia no estaban produciendo frutos que pudiesen ser objeto de usufructo viudal y que Yordán no tenía derecho a requerir que los herederos efectuaran la conmutación compulsoria del usufructo.

El Tribunal de Primera Instancia señaló la vista en su fondo para el 3 de noviembre de 2000. Comenzada la

misma, las partes estipularon los siguientes hechos:

*"Que el demandante contrajo matrimonio con la causante María Belinda Rodríguez Acosta el día 26 de julio de 1972.*

*Que los herederos de la causante son los demandados y el demandante como beneficiario del usufructo viudal.*

*Que el demandante nació el 2 de junio de 1954 y a la fecha del deceso de la causante tenía 44 años de edad.*

*Que los bienes dejados por la causante consisten en un solar con dos edificaciones, mobiliario en las edificaciones, y un vehículo de motor, cuyos valores están sujetos a tasación."*

Las partes estipularon, además, la prueba documental del caso, acreditativa de la muerte de la causante, la relación de las partes con ésta, de su titularidad sobre los bienes de la herencia y el valor de éstos. La parte demandante, Yordán, sometió su caso por las estipulaciones y la prueba documental estipulada. Los apelantes presentaron, entonces, una moción al amparo de la Regla 39.2(c) de las de Procedimiento Civil, 31 L.P.R.A. Ap. III, R. 39.2(c), alegando que Yordán no tenía derecho al remedio solicitado por cuanto los herederos no podían ser compelidos a pagar la cuota viudal en contra de su voluntad, previo a la partición de la herencia. El Tribunal de Primera Instancia declaró sin lugar la moción de desestimación presentada. Consideró que el Art. 765 del Código Civil confiere la potestad a los herederos para satisfacer la cuota usufructuaria al cónyuge viudo, ya sea asignándole una renta vitalicia, los productos de determinados bienes o un capital en efectivo, decisión que los herederos deben tomar *"procediendo de mutuo acuerdo y, en su defecto, por virtud de mandato judicial"*, 31 L.P. R.A. sec. 2415, y que como las partes no habían llegado a un acuerdo sobre la conversión del usufructo, entendió que era preferible escuchar la prueba de la parte demandada. No conforme con la determinación, los apelantes solicitaron se emitiera resolución por escrito. De esa resolución, recurrieron ante este Foro mediante recurso de *certiorari*. ■ Por la etapa procesal en que se encontraba el pleito y por entender que el foro de instancia no había abusado de su discreción al resolver la moción, mediante resolución emitida el 26 de abril de 2001, este Tribunal denegó expedir el auto solicitado. Los apelantes presentaron, entonces, petición de *certiorari* ante el Tribunal Supremo de Puerto Rico, quien declaró sin lugar el auto solicitado.

Concluido el trámite anterior, Yordán presentó ante el Tribunal de Primera Instancia escrito en solicitud de continuación de vista y el caso fue señalado para el 22 de abril de 2002. Previo a esa fecha, anunció que sometería su caso por la prueba documental estipulada. Así las cosas, el Tribunal de Instancia estimó como hechos probados los siguientes:

*"1. El demandante Edgardo Yordán Saad estuvo casado con la causante María Belinda Rodríguez Acosta desde el año 1972 hasta el fallecimiento de ésta el 28 de febrero de 1998.*

*2. A su fallecimiento, la causante no dejó testamento, por lo que, mediante Resolución Enmendada de 12 de agosto de 1998, emitida por el Tribunal de Primera Instancia, Subsección de Distrito de Juana Díaz, declaró únicos y universales herederos a sus padres María Acosta Colón y Eugenio Carlos Rodríguez Irizarry, y a su viudo Edgardo Yordán Saad en la cuota viudal usufructuaria que establece la ley.*

*3. Que no existe Sociedad Legal de Gananciales a ser liquidada entre el demandante y la causante.*

*4. Que los bienes dejados por la causante consisten en un solar con dos edificaciones, mobiliario en las edificaciones y un vehículo de motor.*

*5. El inmueble radica en el número 3 bloque E de la Urbanización Extensión del Carmen en Juana Díaz; y el*

*vehículo es marca Daihatsu, modelo Charade del año 1990.*

*6. Que el demandante nació el 2 de junio de 1954 y a la fecha de la muerte de la causante contaba con 44 años de edad.*

*7. El Departamento de Hacienda emitió certificación de cancelación de gravamen contributivo con el número H-114881-L-11 sobre los bienes de la causante María Belinda Rodríguez Acosta."*

Como cuestión de derecho, y amparándose en su calidad de heredero forzoso, el foro de instancia concluyó que el cónyuge viudo tiene derecho a presentar una acción civil reclamando el pago de su cuota viudal usufructuaria. Consideró como remedio apropiado que procedía tasar y valorar los bienes a los fines de determinar la cantidad a ser satisfecha. También describió la fórmula legal adoptada por el Tribunal Supremo en *Vda. de Giol v. Giol García*, 98 D.P.R. 227 (1969), para conmutar el usufructo viudal. Consecuentemente, declaró con lugar la demanda sobre reclamación de usufructo viudal y condenó a los apelantes a satisfacer el usufructo viudal a Yordán *"de conformidad con las determinaciones realizadas y previa tasación de los bienes".* ■

Inconforme, los apelantes acudieron oportunamente ante este foro señalando como único error que:

*"Erró el Tribunal de Instancia al resolver que bajo el Artículo 765 del Código Civil vigente, un usufructuario viudal puede reclamar el pago o satisfacción del valor de usufructo sin que previamente los herederos hayan iniciado su pago o su conmutación, lo que equivale a crear una nueva causa de acción no existente en nuestro ordenamiento jurídico."*

Examinado el recurso, concedimos término de diez (10) días a la parte recurrida para que mostrara causa por la cual no debiéramos expedir el recurso y revocar la determinación del foro de instancia. En cumplimiento con lo ordenado, la parte recurrida presentó *"Memorando en oposición a que se expida el auto".* Con el beneficio de ambas comparecencias, resolvemos.

## II

La legítima del cónyuge viudo es un derecho que la ley le atribuye de carácter concurrente con el derecho de cualquier otro legitimario, que consiste en un usufructo de cuantía variable, dependiendo de la clase de legitimarios que concurran en la herencia con éste. Por la naturaleza de la cuota viudal usufructuaria, se considera al viudo como un heredero forzoso y recibe su participación en forma de usufructo. Arts. 786 y 761 del Código Civil, 31 L.P.R.A. secs. 2362 y 2411; *Vda. de Sambolín v. Registrador*, 94 D.P.R. 320, 324 (1967). Es decir, el cónyuge viudo hereda por ley un derecho real de *usar* y *disfrutar* de una porción de los bienes que componen la sucesión de su difunto cónyuge. González Tejera, *Derecho Sucesorio Puertorriqueño*, Vol. I, 1983, págs. 92-94. Tratándose de un cónyuge viudo que acude a la herencia con ascendientes, el código dispone que el usufructo será sobre una tercera parte del caudal total hereditario y se sacará de la mitad libre, Art. 763 Código Civil, 31 L.P.R.A. sec. 2413.

Dicho usufructo es susceptible de transformación en cuanto a su pago. El Código Civil concede a los herederos del causante la posibilidad de conmutar dicho usufructo a favor del cónyuge viudo, de la manera que dispone el Art. 765, 31 L.P.R.A. sec. 2415, el cual reza:

*"Los herederos podrán satisfacer al cónyuge su parte de usufructo, asignándole una renta vitalicia, o los productos de determinados bienes, o un capital en efectivo, procediendo de mutuo acuerdo, y, en su defecto, por virtud de mandato judicial. Mientras esto no se realice, estarán afectos todos los bienes de la herencia al pago de la parte de usufructo que corresponda al cónyuge viudo."*

Este Artículo 765, le *"...otorga a 'los herederos' la facultad de satisfacer al cónyuge [viudo] su parte de*

*usufructo, asignándole una renta vitalicia, o los productos de determinados bienes o un capital en efectivo, procediendo de mutuo acuerdo...".* Cortés Córdova v. Cortés Rosario, 86 D.P.R. 117, 123 (1962); *Colón Gutiérrez v. Registrador,* 114 D.P.R. 850, 859 (1983). A esta forma de los herederos satisfacer la cuota usufructuaria al cónyuge viudo se le denomina en derecho sucesorio como conmutación, conversión o sustitución del usufructo viudal. *Ibid.*

En caso de no existir acuerdo entre los herederos y el cónyuge supérstite, el Artículo 765 le concede al foro sentenciador la facultad de decidir *"la forma de pago que estime más equitativa y justa de las que la ley establece".* Calimano Díaz v. Rovira Calimano, 113 D.P.R. 702, 711 (1983). Este desacuerdo es una cuestión de hecho no impugnable en apelación cuando no se demuestre error evidente. *Ibid,* págs. 709-710. *"Hasta tanto se realiza la conmutación, el viudo es usufructuario de todos los bienes de la herencia en la porción correspondiente (la mitad en este caso) de su productividad." Ibid,* pág. 709.

La opción en la forma de satisfacer la cuota viudal usufructuaria solamente puede ejercitarse *"...una vez y antes, o al momento, de efectuarse la partición."* Colón Gutiérrez v. Registrador, *supra,* pág. 861. En la valoración de la cuota viudal se considera el valor de los bienes al momento de efectuarse la conversión o conmutación para así proteger adecuadamente los derechos del cónyuge viudo. *Ibid.* La conmutación del derecho de usufructo viudal *"...debe hacerse con referencia al momento [en que se realice ésta], sin perjuicio de que el juez introduzca cuantas modificaciones y correcciones aconseje la equidad."* Calimano Díaz v. Rovira Calimano, *supra,* pág. 710. Mientras no se efectúe la conmutación, *"...estarán afectos al pago de la referida cuota viudal usufructuaria todos los bienes de la herencia."* Colón Gutiérrez v. Registrador, *supra,* pág. 860. Citando al conocido tratadista Manresa, en este caso se expresó que *"...se trata 'de una garantía pa[ra] asegurar el pago de lo que si bien puede ser un derecho real, autoriza la ley para que se convierta en una obligación de los herederos propietarios'."* Consecutivamente se dijo que *"[c]omo corolario de lo anteriormente expresado, una vez es satisfecha o efectivamente asegurada la cuota usufructuaria, no hay razón legal alguna para requerir la participación o consentimiento del cónyuge supérstite en las actividades particionales que realicen los otros herederos." Ibid.* El propósito de la conmutación es sustituir el usufructo viudal por una de las tres modalidades establecidas en el Artículo 765 del Código Civil, *supra.* Hasta que no se realice la partición de la herencia, el cónyuge supérstite tiene derecho a disfrutar de todos los bienes objetos de la herencia, percibiendo productos, utilidades y las ventajas que estos produzcan como también lo tiene cualquier otro coheredero.

Distinto al acto de liquidación del usufructo viudal -que ocurre cuando se calcula el valor de la cuota usufructuaria y los herederos del cónyuge difunto separan los bienes de la sucesión que serán gravados por el usufructo viudal de los demás bienes de la sucesión a ser partidos entre los herederos y legatarios-, la conversión, también conocida como conmutación y sustitución de la cuota usufructuaria, ocurre cuando la sucesión liquida el usufructo viudal del cónyuge viudo concediéndole, en sustitución al derecho real de usufructo sobre unos bienes en la sucesión, la titularidad de determinados bienes de la sucesión, una porción determinada de dinero o la creación de una renta vitalicia a favor del cónyuge viudo. Art. 765 del Código Civil, *supra; Cintrón Gutiérrez v. Registrador,* 114 D.P.R. 850, 859-861 (1983); *Calimano Díaz v. Rovira Calimano, supra,* págs. 709-711; José Ramón Vélez Torres, *Curso de Derecho Civil,* IV (III), 1992, págs. 248-249; González Tejera, *supra,* págs. 98-99; Guaroa Velázquez, *Teoría del Derecho Sucesorio Puertorriqueño,* págs. 27-30 (2da Ed. 1968).

En fin, cuando el cónyuge viudo hereda un usufructo viudal, hereda un derecho de uso y disfrute de una participación de los bienes a ser divididos del resto de los bienes de la sucesión y no la titularidad de los bienes gravados por el usufructo viudal. Solamente el cónyuge viudo obtendrá la titularidad de determinados bienes de la sucesión a causa de su derecho de usufructo viudal cuando el mismo haya sido convertido (conmutado, sustituido) *por los miembros de la sucesión.* Este derecho de uso y disfrute le atribuye acción para exigir de los herederos se le reconozca su participación sobre los bienes de la herencia. Pero el cónyuge viudo no tiene acción de partición reconocida en el Código Civil. González Tejera, *supra,* págs. 296-299. ■

■

Los apelantes no han iniciado los trámites para satisfacer la parte de usufructo viudal a que tiene derecho Yordán (una tercera parte) sobre el producto de los bienes que componen la herencia. Por tanto, éste solicitó se determine el valor actual de los bienes hereditarios y se le entregue su participación como usufructuario en metálico. En la alternativa, interesa que se vendan los bienes y se le entregue su participación conforme a la ley. Por su parte, los apelantes alegan que los bienes de la herencia no están produciendo frutos que puedan ser objeto de usufructo viudal y que Yordán no tiene derecho a solicitar la conmutación compulsoria del valor de su usufructo. El Tribunal de Primera Instancia resolvió que el cónyuge viudo tiene derecho a presentar una acción civil reclamando el pago de su cuota viudal usufructuaria y que procedía la tasación y valoración de los bienes a los fines de determinar la cantidad a ser satisfecha. También indicó el cómputo a realizarse para conmutar la participación del cónyuge viudo sobre los bienes hereditarios. A tales efectos señaló que: *"[c]onsiderando que en este caso el valor de los bienes no ha sido estimado y habiéndose presentado únicamente una tasación del inmueble, pero que corresponde al año 1998, procede la tasación y valoración de los bienes a esta fecha. De esa suma se estimará la **cuota anual a razón de 6%** y se determinará el valor actual de esa renta por **14.368 que es el factor que equivale a la expectativa de vida del demandante**, o sea 34 años de expectativa, **pues tenía el viudo 44 años a la fecha del fallecimiento de la causante**."* (Énfasis original). Al así proceder, el foro de instancia ordenó la conmutación compulsoria del usufructo viudal. Somos del criterio, que en ausencia de un acuerdo entre los demás herederos para dividir la herencia, el remedio más apropiado en el caso de autos era el ordenar que se pusiera al recurrido en posesión de su usufructo, en lugar de disponer la conmutación de su derecho.

En lo que respecta a la controversia que nos ocupa, el Código Civil distingue dos escenarios. Por una parte, se reconoce el derecho del cónyuge viudo a recibir una participación en usufructo sobre los bienes de la herencia. Así lo contemplan los Artículos 786 y 761, *supra*, cuando exponen que el cónyuge viudo es un heredero forzoso que recibe su participación en forma de usufructo. En el caso en que no se reconozca tal participación en usufructo al cónyuge viudo, éste puede solicitar, y los tribunales pueden adjudicar, el remedio que corresponda. Por otro lado, el Código Civil concede a los herederos del causante la posibilidad de conmutar (convertir o sustituir) dicho usufructo de la manera que dispone el Artículo 765, *supra*; procediendo de mutuo acuerdo y, en su defecto, por virtud de mandato judicial. El mandato judicial que contempla el Artículo 765, *supra*, es para el caso en que exista un desacuerdo entre los herederos que ya han decidido sustituir el derecho de usufructo por alguna de las tres modalidades allí establecidas. Ello es, cuando sólo hay desacuerdo en la forma en que el usufructo será sustituido (asignando una renta vitalicia, el producto de determinados bienes, o un capital en efectivo).

En el caso de autos, los apelantes no han hecho efectivo el derecho que la ley le otorga al cónyuge viudo como heredero forzoso; esto es, a una tercera parte del producto que los bienes hereditarios produzcan. Yordán no ha recibido suma alguna en concepto de usufructo, alegándose que las propiedades en cuestión no están produciendo frutos. Coincidimos con la determinación del foro de instancia a los efectos de que los herederos tienen la obligación de reconocer el derecho de usufructo del cónyuge viudo sobre los bienes de la herencia. Mientras no se realice la partición de la herencia o la conmutación del usufructo viudal, el cónyuge supérstite tiene derecho a disfrutar de todos los bienes objetos de la herencia, percibiendo productos, utilidades y las ventajas que estos produzcan como también lo tiene cualquier otro coheredero. Así, como titular del derecho a un usufructo viudal sobre los bienes de la herencia, en este caso, el cónyuge supérstite tiene la facultad de reclamar una tercera parte del producto de los bienes del caudal hereditario.

Ahora bien, ese derecho de uso y disfrute solamente le atribuye la acción para exigir de los herederos que se le reconozca su participación sobre los bienes de la herencia. Como expresáramos anteriormente, el cónyuge viudo no tiene acción de partición reconocida en el Código Civil. En este caso no cabe hablar de conmutación- pues los herederos aún no han llegado a un consenso en cuanto a este respecto-, sino de valoración de la cuota usufructuaria que corresponde al viudo, cuya valoración debe efectuarse en relación con el activo hereditario. Por tanto, como correctamente determinó el foro de instancia, procede que se adjudique al cónyuge viudo, en reconocimiento y pago de su legítima, el producto que en usufructo le corresponde sobre los bienes hereditarios.

No obstante, el Tribunal de Primera Instancia no debió ordenar a los herederos la conmutación compulsoria del usufructo viudal. La decisión de optar por la conmutación y escoger el medio de pago contemplado en el Artículo 765, *supra*, recaía más bien sobre los herederos. Véase Luis Roca-Sastre, *Derecho de Sucesiones*, Tomo II, Ed. Bosch, 1991, págs. 330-332.

Al señor Yordán le asiste el derecho a que se le reconozca una participación igual a la tercera parte de la herencia en usufructo y se le ponga en posesión de la misma. Procede, además, que el Tribunal de Primera Instancia determine el producto, si alguno, que estén recibiendo o hayan producido los bienes de la herencia; y que ordene se le entregue a Yordán una tercera parte de dicho producto, en concepto de usufructo viudal, hasta tanto se proceda con la partición de la herencia, o los herederos opten por la conmutación del usufructo viudal.

Finalmente, somos de opinión que en la determinación del producto de los bienes de la herencia deberá tomar en consideración el Tribunal de Primera Instancia que al inmueble ubicado en la Urb. Ext. del Carmen en Juana Díaz [7] le aplica lo dispuesto en el Art. 740 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2366. Este artículo dispone:

*"Los ascendientes suceden con exclusión de otras personas en las cosas dadas por ellos a sus hijos o descendientes muertos sin posteridad, cuando los mismos objetos donados existan en la sucesión [...]".*

Habiendo los apelantes donado el inmueble a la causante y premuriendo ésta, sin posteridad, y sin haber enajenado el mismo, el inmueble en cuestión retorna al patrimonio de los donantes, a saber los apelantes. Sobre el particular, señala Albaladejo:

*"El precepto contenido en el Art. 812 C.c., (Art. 740 del nuestro) estima más equitativo el retorno al donatario de lo donado a un descendiente fallecido sin posteridad que su integración en la herencia del donatario [...]*

*Por ello, los ascendentes donantes 'suceden con exclusión de otras personas en las cosas dadas por ellos', pero suceden por derecho de reversión o retorno. El juicio estimativo de la norma se refleja fielmente en esta configuración, y creó que determina la exclusión de los bienes sujetos a reversión del activo líquido de la herencia del descendiente y, por tanto, implica su no computación para **cálculo de la legítima y de la parte de libre disposición, así como su no imputabilidad y no afección a legítima alguna [...]"**.*

M. Albaladejo, *Comentarios al Código Civil y Compilaciones Forales*, Tomo XXI, EDERSA, Madrid, 1982, a las págs. 144-145.

### IV

Por los fundamentos que anteceden, expedimos el auto, modificamos el dictamen recurrido y devolvemos el caso para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 2003 DTA 114**

**1.** Sentencia emitida el 16 de septiembre de 2002, pág. 45 del Apéndice.

**2.** Demanda, pág. 2 del Apéndice.

**3.** Demanda, pág. 2 del Apéndice.

**4.** KLCE-2001-00399

**5.** Sentencia emitida el 16 de septiembre de 2002, pág. 45 del Apéndice.

**6.** Para una postura en contrario, véase Diego Espín, *Manual de Derecho Civil Español*, Vol. V, 1970, pág. 471. Nos dice Espín que por su condición de heredero forzoso, el cónyuge viudo está habilitado para poder promover la partición de herencia. Para sostener esto, cita las Sentencias del 8 de febrero de 1892, 13 de junio de 1898, 26 de octubre de 1904, 4 de julio de 1906, 25 de enero de 1911 y 10 de enero de 1920.

**7.** Dicho inmueble lo adquirió la causante de sus padres, los apelantes, a título de donación.